

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

Nos. 04-18-00821-CR, 04-18-00822-CR, 04-18-00823-CR, 04-18-00827-CR, 04-18-00855-CR

Jake Eric **ALVARADO**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 38th Judicial District Court, Medina County, Texas
Trial Court Nos. 16-10-12125-CR, 16-05-11980-CR, 18-04-12822-CR,
16-05-11973-CR, 16-10-12126-CR
Honorable Camile Glasscock Dubose, Judge Presiding

Opinion by:  Luz Elena D. Chapa, Justice

Sitting:  Sandee Bryan Marion, Chief Justice
Rebeca C. Martinez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed: November 27, 2019

AFFIRMED

Jake Eric Alvarado appeals the trial court's judgments in five cases. His sole issue on appeal is that he received ineffective assistance of counsel during the punishment phase of these cases. We affirm the trial court's judgments.

### PROCEDURAL BACKGROUND

Alvarado was charged with criminal offenses in five separate cases. Four charges were for possession of a controlled substance; one charge was for assault-family violence. Alvarado entered

an open plea of guilty to the drug charges and nolo contendere to the assault charge. The trial court held a consolidated plea and punishment hearing for all five cases on August 31, 2018.

During the hearing, the victim in Alvarado's assault case testified. The victim stated Alvarado had physically and verbally abused her and testified about Alvarado's other prior conduct. On appeal, Alvarado's ineffective assistance of counsel claim is based primarily on trial counsel not requesting notice of the State's intent to introduce such evidence at the punishment hearing. Alvarado also argues counsel was ineffective by failing to object to a probation officer's testimony that he was not suitable for probation. The victim testified as follows:

> Q. Did he [Alvarado] tell you that you were nothing but an animal and that he should –
>
> A. That was in the past, not on that day but in priors in San Antonio when we use to have –
>
> MR. HERNANDEZ [Defense Counsel]: Objection, Your Honor. That is not listed in any of the extraneous events that we were alleged to have been --
>
> A. Not on that day.
>
> MR. HERNANDEZ: -- given any notice of. In fact, we were only given it like two or three days ago.
>
> MS. BUSBEE [Prosecutor]: Well, Your Honor, I was never given a request for a notice. So just to provide it I did but the State never received a request for notice. The fact that we gave anything is just gratuitous on our part because there was never a request made by the defense.
>
> MR. LILLEMON [Prosecutor]: If I may address the Court, Your Honor. Actually the CCP exempts us because they had a dating relationship. Any of these prior events are excluded from 404 notice. He's given constructive notice because of his relationship with her that all of these events are important to this hearing.
>
> THE COURT: All right. Objection is overruled.
> . . . .
>
> Q. Have you ever seen Jake hit another female?
>
> A. Yes, ma'am.

Q. Okay, and what was that female's name?

A. Tashina(phonetically).

Q. Tashina, okay. And where were y'all at when he hit that female?

MR. HERNANDEZ: Objection, Your Honor. I don't think that comes under the purview of the CCP because he's not put on notice of this.

THE COURT: Sustained.

MS. BUSBEE: Again, Your Honor, I didn't receive a request for notice, so the fact that we even gave it to him [was] gratuitous on our part. I'm not bound by what I gave to him because he didn't give me a request. I'm not bound by that. If he gave me the request and I only provided 1 through 8 then I am bound by it but there was no request given to the State, so the State is free to go and you know, provide any other extraneous offenses of the defense. She witnessed him strike another female. That's firsthand recollection.

THE COURT: Okay. Overruled.

At the close of the hearing, the trial court found Alvarado guilty in all cases and sentenced him in each case. After the sentences were imposed, Alvarado timely appealed.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Alvarado argues he received ineffective assistance of counsel. Ineffective assistance of counsel claims are governed by *Strickland v. Washington*'s two-prong test under which we determine (1) whether trial counsel's representation was constitutionally deficient, and (2) whether the deficient performance prejudiced the defense. 466 U.S. 668 (1984); *accord Russell v. State*, 90 S.W.3d 865, 875 (Tex. App.—San Antonio 2002, pet. ref'd). The record must demonstrate trial counsel's deficient performance of some act or failure to perform some act, and trial counsel had no reasonable trial strategy for the act or omission. *See Lopez v. State*, 343 S.W.3d 137, 142–43 (Tex. Crim. App. 2011).

Alvarado makes two contentions in support of his claim that he received ineffective assistance of counsel. His primary contention is as follows:

Trial counsel failed to request 37.07 notice. This failure to request 37.07 notice was deficient performance. As a result of failing to request this notice, counsel ineffectually attempted once to limit the extraneous acts testimony and then stopped objections to that testimony. As a result, extraneous acts evidence was admitted against the Appellant which showed the Appellant threatened to kill a woman, swore at women, struck women, kicked women, pulled women's hair, injected women with heroin and meth, poured lighter fluid on a woman, blamed his possession of drugs on women, was a Mexican Mafia member, violated his conditions of pretrial supervision, had his probation revoked, and was not a good candidate for probation. This deficient performance prejudiced the defense.

Alvarado also contends trial counsel was ineffective in failing to object to a probation officer opining he was not suitable for probation, which is inadmissible under this court's decision in *Mares v. State*, 52 S.W.3d 886 (Tex. App.—San Antonio 2001, pet. ref'd).

In *Mares*, this court held that, under *Ortiz v. State*, 834 S.W.2d 343 (Tex. Crim. App. 1992), not "making an objection when the probation officer testified as an expert that Mares was not a good candidate for probation fell below an objective standard of reasonableness," because the evidence "was inadmissible." 52 S.W.3d at 893. *Ortiz* has been superseded by statute, as the Court of Criminal Appeals recognized in *Ellison v. State*, 201 S.W.3d 714, 717 (Tex. Crim. App. 2006). In *Ellison*, the court determined that under the applicable statutory provision, as revised, a probation officer may now "give an opinion on a defendant's suitability for probation." *Id.* at 722–23. Thus, we cannot say Alvarado received ineffective assistance of counsel based on counsel's failure to object to the probation officer's opinion on Alvarado's suitability for probation.

Furthermore, the Austin court of appeals has held the failure to request article 37.07 notice constitutes deficient performance, but the court also held "that the failure to request notice under article 37.07 and the failure to object to the evidence when offered were not errors sufficient to require reversal." *See Frias v. State*, No. 03-12-00463-CR, 2014 WL 3410592, at *6–9 (Tex. App.—Austin July 10, 2014, pet. ref'd) (mem. op., not designated for publication). Alvarado complains he was prejudiced by the admission of evidence of his prior acts, but the record does

not show that, had trial counsel requested such notice, the State would have (1) failed to provide the required notice; and (2) attempted to offer evidence of those prior acts into evidence. In other words, even if trial counsel had requested article 37.07 notice, Alvarado fails to show the evidence about which he complains would have been inadmissible. *See Ellison*, 201 S.W.3d at 721 (discussing the breadth of article 37.07, § 3(a), which addresses the admissibility of "matters the court deems relevant to sentencing"). We therefore cannot say, on this record, that Alvarado received ineffective assistance of counsel.

## CONCLUSION

We affirm the trial court's judgments.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH